Those costs should be paid by the estate. Matter of Edelmeyer, 157 App. Div. 773, 142 N. Y. Supp. 726.

The right of the executor Titus to employ counsel and to have the remuneration of such counsel paid out of the estate will be determined upon the settlement of the decree and the taxation of costs.

Except as modified by this decision, the report of the referee is confirmed. Submit decree and tax costs on notice.

---

(86 Misc. Rep. 364)

### In re ROTHSCHILD'S ESTATE.

(Surrogate's Court, New York County. June 23, 1914.)

*(Syllabus by the Court.)*

TAXATION (§ 867*)—TRANSFER TAX—DOMICILE OF DECEDENT—EVIDENCE.

     The principle of domicile controls the determination of the last domicile of a decedent, and allegations or admissions of personal representatives are not to be considered, as it is beyond their power to concede away a status of the deceased.

     [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1681–1684; Dec. Dig. § 867.*]

In the matter of the transfer tax on the estate of Charles A. Rothschild. Report of appraiser remitted for further report.

Guggenheimer, Untermyer & Marshall, of New York City, for executors.

Thomas E. Rush, of New York City, for State Comptroller.

FOWLER, S. The executor of decedent's estate and the comptroller of the state by their attorneys have filed a stipulation consenting that the surrogate determine the issue of the decedent's last domicile upon the proofs taken before the transfer tax appraiser. The evidence before the transfer tax appraiser conclusively shows to my mind that the domicile of the late Charles A. Rothschild at the time of his death was in France. His household and household effects were maintained in France continuously since the year 1905, when he abandoned his prior domicile in New York sine animo revertendi. Since 1905 Mr. Rothschild lived only in France. Both the animus and the factum elements of a domicile in France are amply established in this instance by uncontradicted testimony. The fact that the attorney or even the executor was under a misapprehension at an earlier stage concerning Mr. Rothschild's last domicile is of no consequence. The principle of a decedent's domicile is not affected by estoppels against others, nor are the allegations of personal representatives conclusive on an issue of last domicile of their testator. Matter of Grant, 83 Misc. Rep. 257, 260, 144 N. Y. Supp. 567.

I find that decedent was last domiciled in France, and that an order should be entered remitting the report herein to the appraiser for further report by him in accord with this decision.