---

### In re RILEY'S ESTATE.

#### (Surrogate's Court, New York County. July 2, 1914.)

DOMICILE (§ 10\*)—PLACE OF RESIDENCE—WILLS.

> Where testator for many years prior to making his will resided in Mexico as the bishop of the American branch of the Episcopal Church in Mexico, and died there 15 years after making the will, his domicile was in Mexico, and not in New York, notwithstanding a recital in the will that he is "now in the city of New York, but for many years a resident of the city of Mexico," as such recital was merely descriptive and not conclusive in determining domicile.

> [Ed. Note.—For other cases, see Domicile, Cent. Dig. § 39; Dec. Dig. § 10.\*]

Application by the administrator of the estate of Henry C. Riley to declare the estate exempt because testator's last domicile was not the state of New York. Application granted.

Phelps & East, of New York City (Charles Henry Phelps, of New York City, of counsel), for petitioner.

Omri F. Hibbard, of New York City, for American Church Missionary Society.

Thomas E. Rush, of New York City (Thomas A. S. Beattie, of New York City, of counsel), for State Comptroller, opposed.

---

FOWLER, S. Application to declare estate exempt. The petition by the administrator c. t. a. shows that decedent died March 13, 1904, in Mexico, where he resided for many years prior thereto, and that his will, dated September 16, 1889, with a codicil thereto dated April 21, 1891, was admitted to probate on or about September 8, 1904, by the Surrogates' Court of New York County. The petition further shows that the decedent was a bishop of the Episcopal Church, in charge of the American branch of that church in Mexico. In his will he describes himself "now in the city of New York, but for many years a resident of the city of Mexico." In his codicil he describes himself as "of New York, bishop in the Mexican branch of that church." The question of domicile, if decided in favor of the petitioner, will dispose of the other questions involved. As above stated, the decedent for many years prior to the making of his will was a resident of Mexico, and it further appears that he returned to Mexico after the making of the codicil to his will and resumed his labors as bishop of the Episcopal Church and bishop of the American branch of that church in Mexico, and that he died in Mexico 15 years after the making of his will and 13 years after the making of the codicil thereto. It is evident that decedent's life work was continuously in Mexico, and that he spent but a small part of his time outside of that country. Decedent considered Mexico as his domicile, notwithstanding the allegations in his will and the codicil thereto. Statements in both said will and codicil identify decedent with his episcopal work in Mexico. It is to be gathered from these statements that it was decedent's intention to be considered a resident of Mexico, and that the recital in his will "now of the city of New York" and in the codicil "of New York" are mere descriptive recitals and should not be regarded as conclusive in fixing decedent's last domicile. Matter of Grant, 83 Misc. Rep. 257, 260, 144 N. Y. Supp. 567; Matter of Rothschild's Estate, 148 N. Y. Supp. 368. I find that decedent, at the time of his death, was not a resident of the state of New York, but was a resident of Mexico, which was his last domicile.

As the decedent at the time of his death did not own any property within the state of New York, the application to declare the estate exempt is granted.